M. ELIZABETH DAY (SBN 177125)
eday@feinday.com
DAVID ALBERTI (SBN 220265)
dalberti@feinday.com
SAL LIM (SBN 211836)
slim@feinday.com
MARC BELLOLI (SBN 244290)
mbelloli@feinday.com
**FEINBERG DAY KRAMER ALBERTI LIM TONKOVICH & BELLOLI LLP**
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Telephone: 650.618.4360
Facsimile: 650.618.4368

Attorneys for Uniloc 2017 LLC

CHASE A. SCOLNICK (SBN 227631)
cscolnick@kelleranderle.com
KELLER/ANDERLE LLP
18300 Von Karman Ave., Suite 930
Irvine, CA 92612
Telephone: (949) 476-8700
Facsimile: (949) 476-0900

JUANITA R. BROOKS (SBN 75934)
brooks@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Attorneys for Microsoft Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNILOC 2017 LLC,

Plaintiff,

v.

MICROSOFT CORPORATION,

Defendant.

CASE NO. 8:19-CV-00780-AG-JDE
CASE NO. 8:19-CV-00781-AG-JDE
CASE NO. 8:19-CV-00783-AG-JDE
CASE NO. 8:19-CV-00955-AG-JDE
CASE NO. 8:19-CV-00956-AG-JDE
CASE NO. 8:19-CV-00988-AG-JDE

**JOINT REPORT REGARDING PROPOSED SCHEDULE**

Scheduling Conference:
September 9, 2019 9:00 a.m.

Hon. Andrew J. Guilford

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, the Court's Standing Patent Rules, and the Court's Order re Early Meeting of Parties, Plaintiff Uniloc 2017 LLC, ("Uniloc") and Defendant Microsoft Corporation ("Microsoft"), (collectively referred to as the "Parties") hereby submit this Rule 26(f) Report. This report reflects the Parties' early meeting and discussions, which began on August 19, 2019.

## I. NATURE AND BASIS OF CASE AND CLAIMS AND DEFENSES

This report concerns six cases pending between the Parties that are simultaneously set for a Scheduling Conference with the Court on September 9, 2019. Subject to the Court's approval, the Parties have agreed that the six cases should be consolidated for discovery and pre-trial.

### A. Plaintiff's Statement:

#### 1. Civil Action No. 8:19-cv-780 ("780")

On April 29, 2019, Uniloc filed its Complaint in Civil Action No. 8:19-cv-780, asserting Microsoft's infringement of U.S. Patent No. 7,246,622 (the "'622 patent"). Microsoft filed an answer on July 2, 2019, denying Uniloc's allegations of infringement and asserting that Uniloc's patents are invalid and unenforceable.

The '622 patent generally relates to a method for instant voice messaging over a packet-switched network. Uniloc served its Initial Disclosure of Asserted Claims and Infringement Contentions and Document Production Accompanying Disclosure ("Infringement Contentions") on July 19, 2019. In those Infringement Contentions, Uniloc asserts that Microsoft directly infringes claims 1 and 2 of the '622 Patent based on Microsoft's Skype system and applications, including Desktop, Mobile and Tablet versions, and related software and servers.

#### 2. Civil Action No. 8:19-cv-0781 ("781")

On April 29, 2019, Uniloc filed its complaint in Civil Action No. 8:19-cv-

0781, asserting that Microsoft infringes U.S. Pat. Nos. 6,836,654 (the "'654 patent") and 9,869,362 (the "'362 patent). Microsoft filed an answer on July 2, 2019, denying Uniloc's allegations of infringement and asserting that Uniloc's patents are invalid and unenforceable.

The '654 patent generally relates to a mobile device with anti-theft protection The '362 patent generally relates to mobile device monitoring and analysis. Uniloc served its initial Disclosure of Asserted Claims and Infringement Contentions and Document Production Accompanying Disclosure ("Infringement Contentions") on July 19, 2019. In those Infringement Contentions, Uniloc asserts that Microsoft directly and indirectly infringes claims 10, 11, 13, 17 and 18 of the '654 Patent based on Microsoft Surface Products with LTE (Microsoft Surface Pro with LTE, Microsoft Surface Go with LTE and Microsoft Lumia Devices (535, 435, 532, 640, 640XL, 430, 540, 950, 950XL, 550, 650) and claim 1 of the '362 Patent based on Windows 10 devices such as laptops and tablets which support GPS, Wi-Fi and LTE capabilities and location determination capability, including Microsoft Surface Pro and Go with LTE.

**3. Civil Action No. 8:19-cv-0783 ("783")**

On April 29, 2019, Uniloc filed its complaint in Civil Action No. 8:19-cv-0783, asserting that Microsoft infringes U.S. Pat. No. 8,495,359 (the "'359 patent"). Microsoft filed an answer on July 2, 2019, denying Uniloc's allegations of infringement and asserting that Uniloc's patents are invalid and unenforceable.

The '359 patent generally relates to a system and method for securing electronic communications. Uniloc served its initial Disclosure of Asserted Claims and Infringement Contentions and Document Production Accompanying Disclosure ("Infringement Contentions") on July 19, 2019. In those Infringement Contentions, Uniloc asserts that Microsoft directly and indirectly infringes claims 6, 7, 9 and 10 of the '359 Patent based on Microsoft's Skype system and applications, including

Desktop, Mobile and Tablet versions and related software and servers that support Skype Private Conversations.

**4. Civil Action No. 8:19-cv-0955 (“955”)**

On May 20, 2019, Uniloc filed its complaint in Civil Action No. 8:19-cv-0955, asserting that Microsoft infringes U.S. Pat. No. 6,498,541 (the “’541 patent”). Microsoft filed an answer on July 12, 2019, denying Uniloc’s allegations of infringement and asserting that Uniloc’s patents are invalid and unenforceable.

The ’541 patent generally relates to a communication bus system. Uniloc served its initial Disclosure of Asserted Claims and Infringement Contentions and Document Production Accompanying Disclosure (“Infringement Contentions”) on July 29, 2019. In those Infringement Contentions, Uniloc asserts that Microsoft directly and indirectly infringes claims 1, 2 and 3 of the ’541 Patent based on all Microsoft products with a USB-3.1 (also known as USB-C) interface, including but not limited to the Surface Book 2 and Surface Go.

**5. Civil Action No. 8:19-cv-0956 (“956”)**

On May 20, 2019, Uniloc filed its complaint in Civil Action No. 8:19-cv-0956, asserting that Microsoft infringes U.S. Pat. No. 6,467,088 (the “’088 patent”). Microsoft filed an answer on July 12, 2019, denying Uniloc’s allegations of infringement and asserting that Uniloc’s patents are invalid and unenforceable.

The ’088 patent generally relates to a reconfiguration manager for controlling upgrades of electronic devices. Uniloc served its initial Disclosure of Asserted Claims and Infringement Contentions and Document Production Accompanying Disclosure (“Infringement Contentions”) on July 29, 2019. In those Infringement Contentions, Uniloc asserts that Microsoft directly and indirectly infringes claims 1, 2, 3, 4, 6, 7, 8 and 9 of the ’088 Patent based on devices that practice a processor-implemented method for controlling the reconfiguration of an electronic device, including, for example, all versions of Microsoft Windows 8.1 and 10 software that

include the Windows Update feature, as well as any client devices running Microsoft Windows 8.1 and 10, such as (1) Microsoft Surface, (2) Microsoft Surface 2, (3) Microsoft Surface 3, (4) Microsoft Surface Pro, (5) Microsoft Surface Pro 2, (6) Microsoft Surface Pro 3, (7) Microsoft Surface Pro 4, (8) Microsoft Surface Pro (5th Gen), (9) Microsoft Surface Pro 6, (10) Microsoft Surface Book, (11) Microsoft Surface Book 2, (12) Microsoft Surface Laptop, (13) Microsoft Surface Laptop 2, (14) Surface Studio, (15) Surface Studio 2, (16) Surface Go, (17) Surface Go with LTE Advanced), servers (e.g., Microsoft Windows Update servers), computer readable media, software and hardware used to implement Windows Update.

**6. Civil Action No. 8:19-cv-0988 ("988")**

On May 23, 2019, Uniloc filed its complaint in Civil Action No. 8:19-cv-0988, asserting that Microsoft infringes U.S. Pat. No. 8,881,273 (the "'273 patent"). Microsoft filed an answer on July 18, 2019, denying Uniloc's allegations of infringement and asserting that Uniloc's patents are invalid and unenforceable.

The '273 patent generally relates to device reputation management. Uniloc served its initial Disclosure of Asserted Claims and Infringement Contentions and Document Production Accompanying Disclosure ("Infringement Contentions") on August 5, 2019. In those Infringement Contentions, Uniloc asserts that Microsoft directly and indirectly infringes claims 1-15 of the '273 Patent based Microsoft Playready Products (versions 3.0 and higher) and Microsoft Defender Advanced Threat Protection (ATP) and related software, servers, clients and systems.

**B. Defendant's Statement:**

This set of consolidated cases is the second wave of cases Uniloc 2017 has filed against Microsoft. Uniloc 2017 previously asserted twelve patents across seven other cases,[1] which this Court consolidated for pretrial into Civil Action No.

[1] Uniloc dismissed Civil Action No. 8:19-cv-00158, involving U.S. Pat. No.

8:18-CV-02053. Microsoft moved to stay the 2053 consolidated cases pending resolution of *inter partes* review petitions Microsoft filed against the patents asserted in that action, and the Court granted that request. Here, Uniloc has filed the six instant cases against Microsoft (Case Nos. 0780, 0781, 0783, 0955, 0956, and 0988), asserting the following U.S. patents: 8,724,622, 6,836,654, 9,869,362, 8,495,359, 6,498,541, 6,467,088, and 8,881,273. The parties agree these cases should be consolidated at least for discovery and pre-trial purposes.

Microsoft denies it infringes any of Uniloc's patents, and asserts various affirmative defenses, including that Uniloc's patents are invalid, unenforceable, and licensed, among other things. Microsoft is in the process of filing *inter partes* review petitions in the present set of cases and plans to move to stay once those petitions are on file.

## II. PROPOSED DISCOVERY PLAN

### A. Initial Disclosures

The parties exchanged initial disclosures pursuant to Fed. R. Civ. P. 26 (a) on August 2, 2019, August 12, 2019 and August 19, 2019.

### B. Proposed Case Schedule

***Chart Showing Parties' Proposed Dates:*** The chart below shows the default schedule under The Standing Patent Rules and the Parties' proposed dates. The Parties agreed on a proposed schedule that tracks the Court's Standing Patent Rules through claim construction exchanges, and propose small deviations from the Court's Standing Patent Rules for several subsequent dates.

---

9,311,485. Uniloc also dropped its infringement allegations concerning U.S. Pat. No. 8,613,110 (in its entirety) from Civil Action No. 8:18-CV-02053 and claims 18, 21, 24, 25, 26, 39, 42, 45, and 48 of U.S. Pat. No. 8,706,636 from Civil Action No. 8:18-CV-02053.

| Event | Standard S.P.R. Schedule | Uniloc Proposed Dates | Microsoft Proposed Dates |
|---|---|---|---|
| S.P.R. 2.4 – Scheduling Conference | | September 9, 2019 | |
| Amended Pleadings; Join Add'l Parties | | October, 2019 | |
| S.P.R. 2.5, 2.6 – Invalidity Contentions and Accompanying Document Production | September 23, 2019 | September 23, 2019 | |
| S.P.R. 3.1 – Exchange of Proposed Terms for Construction | October 7, 2019 | October 7, 2019 | |
| S.P.R. 3.2 – Exchange of Claim Constructions and Extrinsic Evidence | October 21, 2019 | October 21, 2019 | |
| S.P.R. 3.4 – Joint Claim Construction Discovery and Prehearing Statement and Expert Declarations | November 25, 2019 | November 25, 2019 | |
| S.P.R. 3.5 – Opening Claim Construction Briefs | December 2, 2019 | December 13, 2019 | |
| S.P.R. 3.3 Completion of Claim Construction Discovery | November 18, 2019 | January 3, 2020 | |
| S.P.R. 3.5 – Responsive Claim Construction Briefs, Presentation Material, and Technology Tutorial | December 16, 2019 | January 10, 2020 | |
| S.P.R. 3.6 –Claim Construction Hearing | | At a date convenient for the Court | |
| Court's Claim Construction Order | TBD | TBD | |
| S.P.R. 4.1 – Final | Claim Construction Order + 28 days | | |

| Event | Standard S.P.R. Schedule | Uniloc Proposed Dates | Microsoft Proposed Dates |
|---|---|---|---|
| Infringement Contentions | | | |
| S.P.R. 4.2 – Advice of Counsel | Claim Construction Order + 28 days | | |
| S.P.R. 4.2-Final Invalidity Contentions | Final Infringement Contentions + 28 days | | |
| Close of Fact Discovery | | Final Invalidity Contentions + 90 days | |
| Simultaneous Opening Expert Reports on issues where they bear burden of Proof | Final Infringement Contentions + 28 days | Close of fact discovery + 30 days | |
| Simultaneous Rebuttal Expert Reports | Final Invalidity Contentions + 28 days | Opening Expert Reports + 45 days | |
| Close of Expert Discovery | Rebuttal Expert Reports + 28 days | Rebuttal Expert Reports + 30 days | |
| S.P.R. 4.5 – Final Day for Filing Dispositive Motions | Close of all discovery + 28 days | Close of Expert Discovery + 30 days | |
| Pretrial Conference | Dispositive Motions + 84 days | | |
| Trial Date | Pretrial Conference + 15 days | | |

**C. Scope of Discovery**

Although the full scope of discovery cannot be known at this time, the Parties anticipate that discovery will be needed on the following topics:

1. The Asserted Patents, including their prosecution histories;
2. The alleged inventions of the asserted claims;
3. The structure of the Accused Products;
4. Sales of the Accused Products;
5. The Prior art;

6. Uniloc's claim for damages;
7. Microsoft's knowledge of the Asserted Patents;
8. Uniloc's acquisition of the Asserted Patents;
9. Uniloc's and the inventor's knowledge of prior art;
10. Encumbrances on the Asserted Patents;
11. Licenses to the Asserted Patents;
12. Uniloc 2017's standing to assert the Asserted Patents;

**D. Proposed Changes on Limitations to Discovery**

**Standing Protective Order**

The Court entered the Parties' proposed Protective Order in the 2053 consolidated action on February 5, 2019 and the parties will prepare a joint motion to enter the 2053 Protective Order in these cases.

**Standing E-Discovery Order**

The Court entered the Parties' ESI Order in the 2053 consolidated action on April 1, 2019. The parties will abide by the terms of that order but will prepare an updated ESI Order for these cases that will include agreements regarding E-Discovery that were reached between the parties in the 2053 consolidated action subsequent to entry of that ESI Order.

**Limits on Written Discovery**

The parties agree on the following discovery limits for the consolidated action, should the cases be consolidated as requested. Otherwise, or if the scope of the case changes in the future, the parties agree to meet and confer to discuss appropriate discovery limits.

**Limits on Interrogatories**

75 Interrogatories.

**Limits on Depositions**

120 hours for party depositions, 80 hours for non-party depositions.

For expert witnesses: 7 hours for each report served.

**Experts**

The Parties agree that, pursuant to Federal Rule of Civil Procedure 26(b)(4)(b), no draft expert reports, notes, outlines or disclosures leading up to a final expert report or declaration are discoverable in whatever form. In addition, where a party retains independent consultants or experts to further technical or consulting services or to give testimony with respect to the subject matter of this action, the following materials will be deemed to be privileged materials or materials otherwise protected from production based on a claim of privilege (attorney-client, work product or other privilege) and thus not discoverable:

(1) Correspondence between such independent consultants or experts and a party or its outside counsel;

(2) Drafts of expert reports, declaration or any other materials drafted by or for such independent consultants or experts regarding the subject matter of this action; and

(3) Communications between such independent consultants and experts and a party of its outside counsel that are related to drafts and/or revisions of expert reports, declarations or other materials drafted by or for such independent consultants or experts, or that are related to the preparation to testify at a hearing, trial, or deposition in this action.

Such protections provided herein are to be construed in addition to and shall not diminish the protections provided in Fed. R. Civ. P. 26(b)(3)-26(b)(4). Nothing herein, however, limits the rights of the Parties to examine an expert or consultant concerning the information he or she relied upon in forming his or her opinions, which information shall not be privileged.

**E. Other Discovery Issues**

The Parties agree that no party is required to log attorney-client privileged and/or attorney work product documents created on or after July 30, 2018, the date Uniloc commenced litigation against Microsoft. The Parties also agree that no

party is required to log attorney-client privileged and/or attorney work product documents created during the course of and concerning any prior litigation involving Uniloc and Microsoft.

The Parties agree that for papers not filed with the Court's ECF system, the service of papers electronically, such as through email, FTP or the use of online repositories such as Box.com, constitutes proper service under Rule 5(b) so long as the service (or notification of service via FTP, Box.com etc.) is sent to the following email addresses:

- For Uniloc: FDALB-Uniloc-MSFT-Joint@feinday.com
- For Microsoft: MS/Uniloc-MSCounsel@fr.com

## III. MATTERS TO BE ADDRESSED UNDER L.6. 26-1

### A. Complexity

The Parties agree that the Manual for Complex Litigation should not be relied upon generally, but if any party determines that any particular procedure in the manual may prove helpful, the parties should meet and confer and raise with the Court if appropriate.

### B. Motion Schedule

The Parties are likely to file dispositive motions, for example, concerning issues of infringement, damages and one or more of Microsoft's affirmative defenses. The Parties' proposed deadline for the filing of dispositive motions is thirty (30) days after the close of expert discovery, as set forth in the table above.

### C. ADR and Settlement Discussions

The Parties have and will continue to consider possible resolution. The Parties agree on ADR Procedure No. 3, private mediation.

### D. Trial Estimate

***Plaintiff's Estimates*:**

For the each of the Actions, Uniloc estimates 4-5 court days.

***Defendant's Estimates*:**

For each of the Actions, Microsoft estimates that trial will require 5-6 court days.

## IV. STANDING PATENT RULES

Standing Patent Rule 3.5:

Should the Court order the cases consolidated as requested by the parties, the parties request additional pages for Claim Construction Briefs:

***Plaintiff's Position:*** Uniloc requests Standing Patent Rule 3.5 be modified to allow for up to 50 pages for opening briefs and 20 pages for responsive briefs.

***Defendant's Position:*** Microsoft requests Standing Patent Rule 3.5 be modified to allow for up to 75 pages for opening briefs and 50 pages for responsive briefs. Microsoft's request is an estimate based on the number of disputed claim terms from the 2053 consolidated cases. Depending on the number of terms in dispute here, the parties may require less pages to complete briefing.

## V. DEFENDANT'S REQUEST FOR DAMAGES CONTENTIONS

***Plaintiff's Position:***

Plaintiff does not believe Northern District of California Patent Local Rule 3-8 should be adopted. Damages positions inherently require expert opinion on most of the 15 *Georgia-Pacific* factors, including the ultimate opinion as to the applicable royalty rate. Plaintiff is not aware of any district other than the Northern District of California that has adopted this Rule. Moreover, as the case law regarding this Rule makes clear, damages contentions are non-binding. *Twilio, Inc. v. Telesign Corp.*, No. 16-cv-06925-LHK, 2017 WL 5525929, at *2 (N.D. Cal. Nov. 17, 2017) ("It is worth noting that unlike the more rigorous disclosure requirements for infringement and invalidity contentions (*see* L.R. 3-1, L.R. 3-3), there is no 'good cause' threshold for amendment of damages contentions, nor is there even a requirement to amend the contentions."). Essentially, implementing Rule 3-8 would front load much of expert discovery, without the benefit of full fact discovery and would be non-binding. Plaintiff does not agree with Defendant that

implementing this Rule increases efficiency; just the opposite.

***Defendant's Position:***

Microsoft proposes modifying the Standing Patent Rules to require damages contentions, similar to those required by the Patent Local Rules in the Northern District of California (P.L.R. 3-8 and 3-9). For example, Patent Local Rule 3-8 requires plaintiffs to:

- Identify each of the category(ies) of damages it is seeking for the asserted infringement, as well as its theories for recovery, factual support for those theories, and computations of damages within each category, including:
  1. lost profits;
  2. price erosion;
  3. convoyed or collateral sales;
  4. reasonable royalty; and
  5. any other form of damages.

Microsoft proposes that Uniloc serve its damages contentions on November 12, 2019 (which is 50 days after Microsoft serves invalidity contentions, consistent with Patent Local Rule 3-8) and that Microsoft serve its responsive damages contentions on December 12, 2019 (which is consistent with Patent Local Rule 3-9).

As the Northern District has recognized, damages contentions "serve to narrow and sharpen the issues thereby confining discovery and simplifying trial preparation." *Looksmart Group, Inc. v. Microsoft Corporation*, 386 F. Supp. 3d 1222, 1230 (N.D. Cal. 2019) (internal quotations omitted). Absent such a requirement, Microsoft must rely upon contention interrogatories, but as courts have recognized, "'allowing the parties to discover their opponent's theories of liability ... ha[d] been difficult to achieve through traditional discovery mechanisms such as contention interrogatories.'" *Id.* at 1226 (quoting *O2 Micro Int'l Ltd. v.*

*Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006)). "In particular, answers to such interrogatories were often postponed until the close of discovery, or were amended as a matter of course during the discovery period." *Id.* (internal quotations omitted). Such "narrowing" and "sharpening" is especially necessary in this action, which includes cases 8 through 13 that Uniloc has filed against Microsoft in the past year (with no end in sight).[2]

Dated: 08/28/2019

*/s/ M. Elizabeth Day*
M. Elizabeth Day

Attorneys for Plaintiff

Dated: 08/28/2019

/s/ *Amir A. Kazi*
Amir A. Kazi

Attorneys for Defendant

**ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filing party hereby attests that all signatories listed concur in this filing's content and have authorized this filing.

*/s/ M. Elizabeth Day*

[2] Uniloc is also wrong that damages contentions are not binding. The Northern District of California has held that it has the ability to strike a damages report where the report deviates from a party's disclosures in its contentions. *Looksmart Group*, 386 F. Supp. 3d at 1234-35 (finding that "[plaintiff] violated Rule 26(e) by failing to amend its damages contentions," but not striking the plaintiff's report on damages because the plaintiff's behavior was "justified" in view of "previously unsettled" law concerning damages contentions). For the avoidance of any doubt, Microsoft is proposing damages contentions that are binding.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically through the Court's CM/ECF system. As such, the foregoing document was served on all counsel who have consented to electronic service pursuant to Local Civil Rule 5-3.2.1.

August 28, 2019 /s/ M. Elizabeth Day